JAMES DAL BON
CA BAR #157942
DAL BON AND WANG
12 S FIRST STREET #613
SAN JOSE, CA 95113
ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MARIN,<br><br>    Plaintiff,<br><br>vs.<br><br>YOEL HANEGBI and DOES 1-10 dba<br><br>ESHONE ELECTRIC CO<br><br>    Defendants | Case No: C07-03916<br><br>PLAINTIFF'S CASE MANAGEMENT CONFERENCE STATEMENT |

The Plaintiff submits this Case Management Statement and request that the Court adopt the Statement in issuing its Case Management Order.

## DESCRIPTION OF THE CASE

1. A brief description of the events underlying the action:

Plaintiff, Carlos Marin alleges that he was employed by Defendant Eschone Electric an electrical company and Defendant Yoel Hanegbi, as an apprentice electrician. Mr. Marin claims that during his employment Mr. Hanegbi did not pay for travel time. Mr. Hanegbi required that Mr. Marin arrive at his shop in the morning then drive to the job site. Eschone and Mr. Hanegbi only recorded and paid Mr. Marin for time he was at the job site.

1  Additionally Mr. Hanegbi shorted Mr. Marin his overtime hours. For example Exhibit A
2  is a copy of Mr. Marin's Time Card for the period 10/16/06 through 10/31/06. The time card
3  shows that Mr. Marin worked a total of 96 regular hours, 20.78 over time hours and .5 double
4  time hours. Based upon a rate of $15.00 per hour Mr. Hanegbi owes Mr. Marin $1922.55. The
5  pay stub for that time peiod shows that Mr. Hanegbi paid Mr. Marin for $1873.65 for 106.91
6  regular hours and 12 hours of overtime. Ex. B Pay Stub Thus Mr. Hanegbi owes Mr. Marin
7  $49.50. Ex C Exel Spreadsheet Thus this case may be humble but it is not as Mr. Hanegbi as
8  implied in his previous correspondence and in his small claims court claim, frivolous.

Plaintiffs' complaint alleges violations of California Labor Code section 510, violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., f and violation of California Business and Professions Code section 17203.

In a way of response, defendants counter-claim against plaintiff in small claims court for "filing a false law suit against" him.

This case has been made more difficult by the Defendant Yoel Hanegbi. For example, I spoke to Mr. Hanegbi tonight 12/5/07 at approximately 6:10 pm., in order to discuss the Case Management Conference Statement. I informed of the nature of the Plaintiff's law suit. Mr. Hanegbi replied by shouting into the phone "James Dal Bon you are a loser attorney." Mr. Hanegbi hung up the phone. Ex. E Dec James Dal Bon

Approximately two weeks ago Mr. Hanegbi sued our client in small claims court for "filing a false law suit". Mr. Hanegbi contacted my client on Monday, December 3, 2007 at about 4:27 pm. On Tuesday December 2, 2007 the Plaintiff Carlos Marin returned Mr. Hanegbi's call. Mr. Hanegbi, in a loud raised voice, informed Mr. Marin that he had to appear in court on Friday and that Mr. Marin has to dismiss the case. Mr. Hanegbi told Mr. Marin in a raised loud voice that he would not dismiss his law suit against Mr. Marin. Ex. E Dec. Carlos Marin

2. The principal factual issues which the parties dispute:

    (a)    Whether Plaintiff's Counsel will file an anti slap law suit against Mr. Hanegbi

    (b)    Whether the plaintiff was paid for travel time;

    (c)    The total amount Mr. Hanegbi shorted Mr. Marin in overtime.

3.    The principal legal issues which the parties dispute:

Plaintiff can not comment until Mr. Hanegbi discusses the case with him.

4.    The other factual issues which remain unresolved

Plaintiff can not comment until Mr. Hanegbi discusses the case with him.5.    The parties which have not been served and why

None.

6.    The additional parties which the below-specified parties intend to join and the intended time frame for such joinder:

None we are aware of

7.    The following parties consent to assignment of this case to a United States Magistrate Judge for jury trial:

N/A.

ALTERNATIVE DISPUTE RESOLUTION

8.    The parties filed a Notice of Need for ADR Phone Conference and the phone conference was held on or is scheduled for:

N/A

9.    Other information regarding ADR process or deadline.

Plaintiff can not comment until Mr. Hanegbi discusses the case with him.

DISCLOSURES

10.    The parties certify that they have made the following disclosures:

Plaintiff will serve Defendant on the day of CMC.

DISCOVERY

11.    The Plaintiff suggests the following discovery plan:

    (a)    Each party may take up to five depositions.

(b) Each party shall be entitled to propound up to 25 written interrogatories;

(c) Each party may propound unlimited requests for production of documents or things;

(d) Each party may propound unlimited requests for admissions;

(e) Factual discovery to be completed by February 28, 2008;

(f) Expert disclosures and reports by March 15, 2008;

(g) Experts rebuttal reports March 31, 2008;

(f) Expert depositions to be completed by April 15, 2008;

(g) Last day of hearing on dispositive motion on June 15, 2008;

(h) The parties agree to meet and confer concerning any modifications to this plan.

## TRIAL SCHEDULE

12. The parties request a trial date as follows:

Plaintiff requests a simple bench trial in July  There is no need to convene a jury

**13.** The parties expect that the trial will last for the following number of days:  Plaintiff estimates one to two days.

December 5, 2007


_____s/jdb_____

PROOF OF SERVICE

I, the undersigned, declare that I am over the age of eighteen (18) and not a party to this action.

My business address is 12 South First Street, Suite 613, San Jose, CA

95113.

On the date hereof, I personally served the following document by e-mail to:

    CMC Statement

To Yoel Hanegbi and Eschone Electric s Inc. at

yoel@eschoneelectric.com

    I declare that the under penalty of perjury under the laws of the state of California, the foregoing is true and correct.

Dated: December 5, 2007                                          By  s/james dal bon

                                                                                      James Dal Bon