

**Eshone Electric Company**
21915-B Lomita Ave
Cupertino, CA 95014
(800) 459-0743 Tel
(408) 996-2006 Fax

FILED

~~2007 DEC -7 A 10: 04~~

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S J

December 6, 2007

RESPONSE TO COMPLAINT #2

CASE #: C07 03916 - RMW
PLAINTIFF: Carlos Marin
DEFENDANT: Yoel Hanegbi and Does 1-10 dba Eshone Electric Co.

DISTRICT JUDGE RONALD M. WHYTE

As stated in the previous response, Mr. Dal Bon has continued to pursue this case, using falsities as the basis of his claims.
In his most recent Case Management Conference Statement, dated December 5, 2007, Mr. Dal Bon makes many incorrect statements. Below, please find a list of some clarifications.

1. Carlos Marin was not employed as an apprentice electrician, but as a laborer.

2. Mr. Dal Bon claims, now, that Eshone Electric failed to pay Mr. Marin for travel time. In fact, once the employee begins work, Eshone Electric does not differentiate whether the employee is on the actual field job or traveling from one job to another. All hours from start time to end time are treated as working hours. Thus, Mr. Marin did, in fact, get paid for travel time within the work day. Commute time, per se, is not considered travel time and is not reimbursable. Mr. Dal Bon claims that Eshone required that Mr. Marin arrive at his shop in the morning then drive to the job site. Eshone Electric does not have a shop, and all work is out in the field.

3. Mr. Dal Bon claims that Mr. Marin was shorted a total $49.50 on one paycheck for the period of 10/16/06 through 10/31/06; having been paid $1873.65 when $1922.55 was owed. As stated in the previous response, at that time, Eshone Electric was utilizing a pay system where the employees were paid, for work completed through that same day. As the timecards needed to be submitted to the payroll company several days prior to the actual conclusion of the work week, the office staff had to estimate the remaining hours and either add or deduct any overages or shortages on the following paycheck which, admittedly, can be confusing but assured our employees received their wages, not only on time, but AHEAD OF TIME. Moreover, Mr. Dal Bon does not take into account the 30 minute, unpaid lunch

time and adds it into the payable hours. For the aforementioned time period, Mr. Marin was owed 96 Regular Hours and 17.25 OT hours, in the total of $1828.13 so the check was not short by $49.50 as Mr. Dal Bon claims. In fact, the five estimated days (10-27-06 through 10-31-06) were adjusted, and the adjustment paid, on the following check (this includes adding several regular and overtime hours that were worked and deducting a day off that Mr. Marin had been pre-paid for, but took off for a dentist appointment).

4. In his original claim, Mr. Dal Bon claims Eshone Electric failed to provide the employee with paystubs. However, he uses one of the employees paystubs in his exhibit? Another example of the blatant falsity of the suit.

5. In continuing with his use of false information to further the case, Mr. Dal Bon claims that I filed a Small Claims suit against Carlos Marin and then proceeded to contact Carlos Marin. I did, in fact file a claim. However, I made absolutely NO attempt to contact Mr. Marin. In fact, I noticed a missed call, from Mr. Marin, on my mobile phone, several days later. Incidentally, the same day Mr. Dal Bon had left a message on my home office phone, leaving me his cell phone number. I did not return either call. Mr. Marin proceeded to call me, again, and this time I did pick up the phone. I told him that I would not settle, since I have always paid him and he proceeded to tell me that he had told Mr. Dal Bon he was "not interested" in pursuing this lawsuit and that the lawyer was acting on his own. He also requested I give him advice as to how to "get out of it". I told him I could not give him any advice, but to contact my office manager and she would be able to supply him with his records, which may be helpful.

6. I spoke to Mr. Dal Bon shortly after and told him I would not settle as I had done nothing wrong and had always paid my employee. I also told him that I had my records proving this and that I would see him in court. Mr. Dal Bon contacted me, once again on 11/26/07 to "discuss a settlement". I told him that my position had not changed and that I would see him in court.

7. Mr. Dal Bon contacted me again on December 5, 2007 and stated that this case "boils down to travel time." Strangely enough, this is not an issue that he had brought up in any of his previous complaints. It appears that since his original case, he is now trying a new direction. As I was angry and frustrated by this continued game, I called him a "loser" and hung up on him.

8. Mr. Marin's Declaration is incorrect in several areas.
   (a) Mr. Marin initiated direct communications with me when tried, at first unsuccessfully, to call me several weeks ago. He then proceed to attempt contacting me until, finally, he was able to reach me by phone. This declaration, made under penalty of perjury, is false.

   (b) Mr. Marin states that Exhibit A is a true and correct copy of his pay stub for the period of 10/15/06 to 10/31/06. In fact, is not. It is the paystub for the pay period of 11/1/06 to 11/15/06. Only $76.88 of that paycheck is allocated for the pay period of 10/15/06 –

10/31/06 for adjustments on the estimated pre-pays (8.75OT at 22.50 = 196.88 per hour minus $120.00 8hrs estimated and paid, but not worked at 15.00 per hr). The remainder of that paycheck applies to the 37 hours worked, and several estimated hours to be worked, between 11/1/06 and 11/15/06. This declaration, made under penalty of perjury, is false.

(c) Mr. Marin states that Exhibit B is a true and correct copy of the time card for the period of 10/15/06 – 10/31/06. In fact, it is not. It is the *estimated* time card for the period of 11/1/06 – 11/15/06. It's only relationship to the time period of 10/15/06 – 10/31/06 is it's record of the adjustments made to the estimated hours that had been pre-paid. This, declaration, made under penalty of perjury, is false.

9. Mr. Dal Bon's Declaration is incorrect, in reference to his Exhibit C. While Mr. Dal Bon claims this is a true and correct copy of the time card and shows that Mr. Marin has been shorted on overtime, he does not subtract the time taken for lunch. Eshone Electric requires our employees to take a 30 minute (non-paid) lunch break for every day where the employee works in excess of 5 hours. Thus, Mr. Dal Bon's claim of 96 Regular, 20.78 OT, and 0.5 DT hours is incorrect. In fact, the correct calculation is: 96 Regular and 17.25 OT.

I also do not agree with Mr. Dal Bon's proposed discovery plan. I feel this plan's sole purpose it to exhaust my time and resources, inflict monetary damage on myself and my company, ride up his fees, and to intimidate me into a settlement. As I am a hands-on supervisor, I must send my entire field staff home every time my attendance is required. While this is something that, clearly, benefits Mr. Dal Bon, this is something neither my company nor I can afford.
Although, I strongly believe this case should be dismissed, I alternatively propose the following:
- One (1) Deposition Session
- One Written Interrogation
- One Request to Produce Documents
- Each party can propound one request for admission

As Mr. Dal Bon claims $49.50 in damages, I would assume this is more than enough to determine the validity of the claim. I am assuming that Mr. Marin and Mr. Dal Bon have all of their records in order and ready to go, as do I.

I did, in fact, tell Mr. Marin that I would pursue my small claims case against him, as his actions have cost me, and continue to cost me, valuable time and resources. Additionally, every time I have to spend the day in court, I must send my field laborers home, costing them much needed pay. While Mr. Dal Bon has no problem filing statements and claims with incorrect exhibitions, I must pay office staff to review and correct his mistakes. We are a very small business and I cannot afford to take these losses to appease Mr. Dal Bon's checking account. I have to recoup these losses and, since Mr. Marin is initiated this ongoing process. I have no choice but to seek damages from him. Sadly, Mr. Marin has told me repeatedly that he has notified Mr.Dal Bon of his desire to drop the

case, but is unable to do so because, since the case was taken on a contingency basis, he would most likely be responsible for Mr. Dal Bon's fees up to date.

Mr. Dal Bon has claimed that this is a "humble" suit for $49.50, without taking into account the lunch time deduction or the pre-pay adjustments, even though he was aware of both of these factors. Clearly, this case is not about the plaintiff, as Mr. Marin expressed to us that he wanted to dismiss the suit but feared for the financial repercussions of breaching his contract with Mr. Dal Bon's firm. Mr. Dal Bon is concerned only about getting his fee. It is doubtful the plaintiff would have sued for $50 in Federal Court. However, Mr. Dal Bon knows, as do we all, that if he so much as wins $1, Eshone Electric will be responsible for his legal fees and this appears to be his motivation, regardless of whom he hurts in the process..whether it be the defendant, or the plaintiff himself.

# DEFENDANT EXHIBIT "A"

HOURS PAID ON 10/31/06

| | | | IN | LUNCH | OUR | REG | OT | DT | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10/16/2006 | Mon | Palo Alto | 7.5 | 0.5 | 16.5 | 8.00 | 0.50 | 0.00 | | | | |
| 10/17/2006 | Tue | Saratoga | 7 | 0.5 | 19.5 | 8.00 | 4.00 | 0.00 | REG | 96 | $15 | $1,440 |
| 10/18/2006 | Wed | Palo Alto | 7 | 0.5 | 15.5 | 8.00 | 0.00 | 0.00 | OT | 17.25 | $22.50 | $388.13 |
| 10/19/2006 | Thurs | Palo Alto | 7 | 0.5 | 16.8 | 8.00 | 1.25 | 0.00 | | | | $1,828 |
| 10/20/2006 | Friday | Palo Alto | 7.5 | 0.5 | 17.5 | 8.00 | 1.50 | 0.00 | | | | |
| 10/21/2006 | Saturday | Palo Alto | 7.25 | 0.5 | 14.5 | 0.00 | 6.75 | 0.00 | | | | |
| 10/22/2006 | Sun | | | | | 0.00 | 0.00 | 0.00 | | | | |
| 10/23/2006 | Mon | Palo Alto | 7.25 | 0.5 | 16.8 | 8.00 | 1.00 | 0.00 | | | | |
| 10/24/2006 | Tue | Palo Alto | 7 | 0.5 | 16.5 | 8.00 | 1.00 | 0.00 | | | | |
| 10/25/2006 | Wed | Palo Alto | 7.25 | 0.5 | 16.5 | 8.00 | 0.75 | 0.00 | | | | |
| 10/26/2006 | Thurs | Palo Alto | 7 | 0.5 | 16 | 8.00 | 0.50 | 0.00 | | | | |
| 10/27/2006 | (illegible) | ESTIMATE | 7 | 0 | 17 | 8.00 | 0.00 | 0.00 | | | | |
| 10/28/2006 | (illegible) | ESTIMATE | 0 | 0 | 0 | 0.00 | 0.00 | 0.00 | | | | |
| 10/29/2006 | Sun | ESTIMATE | 0 | 0 | 0 | 0.00 | 0.00 | 0.00 | | | | |
| 10/30/2006 | Mon | ESTIMATE | 7 | 0 | 15 | 8.00 | 0.00 | 0.00 | | | | |
| 10/31/2006 | Tue | ESTIMATE | 7 | 0 | 15 | 8.00 | 0.00 | 0.00 | | | | |
| | | | | | | 96.00 | 17.25 | 0.00 | | | | |

ACTUAL HOURS WORKED

| | | | IN | LUNCH | OUR | REG | OT | DT | |
|---|---|---|---|---|---|---|---|---|---|
| 10/16/2006 | Mon | Palo Alto | 7.5 | 0.5 | 16.5 | 8.00 | 0.50 | 0.00 | |
| 10/17/2006 | Tue | Saratoga | 7 | 0.5 | 19.5 | 8.00 | 4.00 | 0.00 | |
| 10/18/2006 | Wed | Palo Alto | 7 | 0.5 | 15.5 | 8.00 | 0.00 | 0.00 | |
| 10/19/2006 | Thurs | Palo Alto | 7 | 0.5 | 16.8 | 8.00 | 1.25 | 0.00 | |
| 10/20/2006 | Friday | Palo Alto | 7.5 | 0.5 | 17.5 | 8.00 | 1.50 | 0.00 | |
| 10/21/2006 | Saturday | Palo Alto | 7.25 | 0.5 | 14.5 | 0.00 | 6.75 | 0.00 | |
| 10/22/2006 | Sun | | | | | 0.00 | 0.00 | 0.00 | |
| 10/23/2006 | Mon | Palo Alto | 7.25 | 0.5 | 16.8 | 8.00 | 1.00 | 0.00 | |
| 10/24/2006 | Tue | Palo Alto | 7 | 0.5 | 16.5 | 8.00 | 1.00 | 0.00 | |
| 10/25/2006 | Wed | Palo Alto | 7.25 | 0.5 | 16.5 | 8.00 | 0.75 | 0.00 | |
| 10/26/2006 | Thurs | Palo Alto | 7 | 0.5 | 16 | 8.00 | 0.50 | 0.00 | |
| 10/27/2006 | Friday | Palo Alto | 7.25 | 0.5 | 17.5 | 8.00 | 1.75 | 0.00 | ADJ MADE 11/15/06 |
| 10/28/2006 | Saturday | Palo Alto | 7.25 | 0 | 12 | 0.00 | 4.75 | 0.00 | ADJ MADE 11/15/06 |
| 10/29/2006 | Sun | Palo Alto | 0 | 0 | 0 | 0.00 | 0.00 | 0.00 | |
| 10/30/2006 | Mon | Palo Alto | 7.25 | 0.5 | 15 | 8.00 | 2.00 | 0.00 | ADJ MADE 11/15/06 |
| 10/31/2006 | Tue | OFF | 0 | 0 | 0 | 0.00 | 0.00 | 0.00 | |
| | | | | | | 88.00 | 26.00 | 0.00 | |

A

# DEFENDANT EXHIBIT "B"

Carlos Marin vs. Eschone Electric

| Date | Starting Time | Ending Time | Total Hours | Regular Hours | Overtime Hours | Double Time |
|---|---|---|---|---|---|---|
| Monday, October 16, 2006 | 7:30 | 16:30 | 9:00 | 8 | ~~0.5~~ | |
| Tuesday, October 17, 2006 | 7:00 | 19:30 | 12:30 | 8 | 4 | ~~.5~~ |
| Wednesday, October 18, 2006 | 7:00 | 15:30 | 8:30 | 8 | ~~.5~~ | |
| Thursday, October 19, 2006 | 7:00 | 16:45 | 9:45 | 8 | ~~1.75~~ 1.25 | |
| Friday, October 20, 2006 | 7:30 | 17:30 | 10:00 | 8 | ~~2~~ 1.5 | |
| Saturday, October 21, 2006 | 7:20 | 14:30 | 7:10 | | ~~7~~ 6.75 | |
| Sunday, October 22, 2006 | | | 0:00 | | | |
| Monday, October 23, 2006 | 7:20 | 16:50 | 9:30 | 8 | 1 | |
| Tuesday, October 24, 2006 | 7:00 | 16:30 | 9:30 | 8 | ~~1.5~~ 1 | |
| Wednesday, October 25, 2006 | 7:20 | 16:30 | 9:10 | 8 | ~~1~~ .75 | |
| Thursday, October 26, 2006 | 7:10 | 16:00 | 8:50 | 8 | 0.~~83~~ .50 | |
| Friday, October 27, 2006 | 7:00 | 15:00 | 8:00 | 8 | | |
| Saturday, October 28, 2006 | | | 0:00 | | | |
| Sunday, October 29, 2006 | | | 0:00 | | | |
| Monday, October 30, 2006 | 7:00 | 15:00 | 8:00 | 8 | | |
| Tuesday, October 31, 2006 | 7:00 | 15:00 | 8:00 | 8 | | |
| Total Hours | | | | 96 | ~~20.78~~ 17.25 | ~~.5~~ 0 |
| Regualr Rate of pay 96 hours x | $15.00 = | | $1,440.00 | | | |
| Overtime Rate pay 20.78 x | $22.50 = | | $467.55 | | | |
| Double Time Rate .5 x | $30.00 = | | $15.00 | | | |
| Total Owed | = | | $1,922.55 | | | |
| Total Paid check #7312700018 | = | | 1873.65 | | | |
| Total Unpaid Hours | | | $48.90 | | | |

Handwritten note (right margin): MINUS ½ HR LUNCH ON DAYS WHERE MORE THAN 5 HRS ARE LOGGED

Handwritten at bottom:

TOTAL HRS
Regular Rate  96 HRS x 15 = $1440.⁰⁰
Overtime Rate  17.25 x 22.50 = $388.13
Doubletime Rate = 0

TOTAL OWED = 1828.13
TOTAL PAID CHECK #7312700018 = 1873.65
TOTAL UNPAID = 0

B

# DEFENDANT EXHIBIT "C"

Eshone Electric Company, PO BOX 2511, Cupertino, CA 95015, Tel: (800) 459-0743, Fax: (408)996-2006
*Solar/Electrical Design and Build Company*

Name: Carlos    period of: 10/27/2006-11/15/2006

| Date | Day | Site | | Start | End | Total | Reg | OT | |
|---|---|---|---|---|---|---|---|---|---|
| 10/27/2006 | Friday | Palo Alto | Adj | 7:15 | 17:30 | 10:15 | 0.75 | 1.50 | 10.25 |
| 10/28/2006 | Saturday | Palo Alto | Adj | 7:15 | 12:00 | 4:45 | 4 | | 4 |
| 10/29/2006 | Sunday | Off | | | | 0:00 | | | |
| 10/30/2006 | Monday | Palo Alto | Adj | 7:15 | 18:00 | 10:45 | 0.75 | 2.00 | 10.75 |
| 10/31/2006 | Tuesday | Dentist | | | | 0:00 | 0.00 | 0.0 | 0 |
| 11/1/2006 | Wednesday | Palo Alto+Auto Body | | 7:00 | 16:00 | 9:00 | 8.00 | 1.0 | 9 |
| 11/2/2006 | Thursday | San Francisco | | 9:00 | 16:30 | 7:30 | 7.50 | 0.00 | 7.5 |
| 11/3/2006 | Friday | Auto Body | | 7:30 | 12:00 | 4:30 | 4.50 | 0.0 | 4.5 |
| 11/4/2006 | Saturday | Mt view | | 7:30 | 11:30 | 4:00 | 4.00 | 0.0 | 4.00 |
| 11/5/2006 | Sunday | Off | | | | 0:00 | 0 | 0.00 | 0 |
| 11/6/2006 | Monday | Morgen Hill | | 9:00 | 15:00 | 6:00 | 6 | 0.00 | 6 |
| 11/7/2006 | Tuesday | San Francisco | | 8:00 | 12:00 | 4:00 | 4 | 0.00 | 4 |
| 11/8/2006 | Wednesday | Off | | | | 0:00 | 0.00 | 0.00 | 0.00 |
| 11/9/2006 | Thursday | Off | | | | 0:00 | 0.00 | 0.00 | 0.00 |
| 11/10/2006 | Friday | Oaklend | | 8:30 | 12:00 | 3:30 | 3.5 | 0.00 | 3.5 |
| 11/11/2006 | Saturday | Off | | | | 0:00 | 0 | 0.00 | 0 |
| 11/12/2006 | Sunday | Off | | | | 0:00 | 0 | 0.00 | 0 |
| 11/13/2006 | Monday | | Estimate | 7:00 | 15:00 | 8:00 | 8 | 0.00 | 8 |
| 11/14/2006 | Tuesday | | Estimate | 7:00 | 15:00 | 8:00 | 8 | 0.00 | 8 |
| 11/15/2006 | Wednesday | | Estimate | 7:00 | 15:00 | 8:00 | 8 | 0.00 | 8 |
| Totals | | | | | 0 | | 67.00 | 4.50 | 87.5 |
| | | | | | | | 49.50 | 0.00 | |

Hours       742.50
OT          0.00
WT          0
Total       742.50

| | Straight Rate | OT |
|---|---|---|
| | 15.00 | 22.50 |

Car         0

Total Pay   742.50
Advance     0
Due Balance 742.50

*The plaintiff attests this is a true time card for 10/6/06 or 10-31-06*

# DEFENDANT EXHIBIT "D"

## SC-100 Plaintiff's Claim and ORDER to Go to Small Claims Court

### Notice to the person being sued:

- You are the Defendant if your name is listed in ② on page 2 of this form. The person suing you is the Plaintiff, listed in ① on page 2.
- You and the Plaintiff must go to court on the trial date listed below. If you do not go to court, you may lose the case.
- If you lose, the court can order that your wages, money, or property be taken to pay this claim.
- Bring witnesses, receipts, and any evidence you need to prove your case.
- Read this form and all pages attached to understand the claim against you and to protect your rights.

### Aviso al Demandado:

- Usted es el Demandado si su nombre figura en ② de la página 2 de este formulario. La persona que lo demanda es el Demandante, la que figura en ① de la página 2.
- Usted y el Demandante tienen que presentarse en la corte en la fecha del juicio indicada a continuación. Si no se presenta, puede perder el caso.
- Si pierde el caso la corte podría ordenar que le quiten de su sueldo, dinero u otros bienes para pagar este reclamo.
- Lleve testigos, recibos y cualquier otra prueba que necesite para probar su caso.
- Lea este formulario y todas las páginas adjuntas para entender la demanda en su contra y para proteger sus derechos.



Clerk stamps date here when form is filed.

(ENDORSED)
**FILED**
NOV 0 1 2007
KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA, County of Santa Clara
BY J. Borman  DEPUTY

Fill in court name and street address:
**Superior Court of California, County of**
Santa Clara, Los Gatos Courthouse
14205 Capri Drive, Los Gatos, CA
Mailing Addr: 191 N. First St
San Jose, CA 95113

Clerk fills in case number and case name:
Case Number: 407SC02801?
Case Name:

### Order to Go to Court

The people in ① and ② must go to court: *(Clerk fills out section below)*

| Trial Date | → | Date | Time | Department | Name and address of court if different from above |
|---|---|---|---|---|---|
| | 1. | 1/2/08 | | 17 | Superior Court, Los Gatos Facility, 14205 Capri Drive, Los Gatos, CA 95032 |
| | 2. | | | | |
| | 3. | | | | |

Date: **NOV 0 1 2007**    Clerk, by J. Borman, Deputy

### Instructions for the person suing:

- You are the Plaintiff. The person you are suing is the Defendant.
- *Before* you fill out this form, read Form SC-150, *Information for the Plaintiff (Small Claims)*, to know your rights. Get SC-150 at any courthouse or county law library, or go to www.courtinfo.ca.gov/forms
- Fill out pages 2 and 3 of this form. Then make copies of all pages of this form. (Make 1 copy for each party named in this case and an extra copy for yourself.) Take or mail the original and these copies to the court clerk's office and pay the filing fee. The clerk will write the date of your trial in the box above.
- You must have someone at least 18—not you or anyone else listed in this case—give each Defendant a court-stamped copy of all 5 pages of this form and any pages this form tells you to attach. There are special rules for "serving," or delivering, this form to public entities, associations, and some businesses. See Forms SC-104, SC-104B, and SC-104C.
- **Go to court on your trial date listed above.** Bring witnesses, receipts, and any evidence you need to prove your case.

Judicial Council of California, www.courtinfo.ca.gov
Revised January 1, 2007, Mandatory Form
Code of Civil Procedure §§ 116.110 et seq.,
116.220(c), 116.340(g)

**Plaintiff's Claim and ORDER to Go to Small Claims Court**
(Small Claims)

SC-100, Page 1 of 5 →

American LegalNet, Inc.
www.FormsWorkflow.com

# DEFENDANT EXHIBIT "E"

ESHONE ELECTRIC
21915-B LOMITA AVENUE
CUPERTINO, CA 95014


CASE NO: C07-03916
CARLOS MARIN, Plaintiff
   Vs.
YOEL HANEGBI and DOES 1-10 dba
ESHONE ELECTRIC CO, Defendants


## DECLARATION OF YOEL HANEGBI

I, Yoel Hanegbi, declare under penalty of perjury, by the laws of the State of California, that the foregoing is true And correct, based upon my knowledge:

1) On November 1, 2007, I filed a Small Claims Complaint against Carlos Marin.

2) Approximately one week after filing my claim, I received a missed call on my mobile phone from Mr. Marin. I did not return his call.

3) Mr. Marin reached me at my home office several days later. I had asked him why he was doing this, since I had always paid him and had been fair and honest with him. He stated that he had told the attorney he did not want to pursue this case anymore, and that the attorney was now acting on his own. He asked me for advice on how to "get out of it". I told him that I could not give him legal advice, but that he could contact my office manager, as she had all his records and paperwork.

4) I called Mr. Dal Bon, the second week of November to inform him that I would not settle.

5) Mr. Dall Bon called me the following week to negotiate a settlement. I told him, again, that I would not settle and that I would see him in court.

6) I called Mr. Marin on December 3, 2007 to find out whether he had been successful in dropping the suit, as he had said he wanted to or whether I would still need to attend the conference on Friday, December 7.

7) Mr. Marin returned my call the following day, December 4, 2007 and said that he didn't know what to do and the attorney was making it difficult for him. He said he couldn't be responsible to pay the attorney since he had no money. I told him that this was not my problem, as I was not the one that instigated the situation.

8) Mr. Dal Bon called me on December 5, 2007, from Carlos Marin's mobile phone. He stated it that the case "boiled down to travel time". Travel time was not mentioned in any complaint or correspondence, prior to this.

9) The Plaintiff's Exhibit B is not a true and correct copy of his time card for the period of 10/15/06 – 10/31/06.

10) The Plaintiff's Exhibit A is not a true and correct copy of his pay stub for the period of 10/15/06 – 10/31/06.

11) The Plaintiff's Exhibit C is not a true and correct copy of the timecard and does not show that Mr. Marin was shorted in overtime pay, as it does not take into account non-paid lunch time breaks.

12) Defendant's Exhibit A is a true and correct copy of the hours estimated AND the hours worked for the period of 10/15/06-10/31/06.

13) Defendant's Exhibit B is a true and correct copy of the corrected spreadsheet the Plaintiff submitted as his Exhibit C.

December 6, 2007

_____
Yoel Hanegbi